UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ugur Ugur

    v.                                                                                                  Civil No. 1:26-cv-236-SE-AJ

U.S. Immigration and
Customs Enforcement,
Field Office Director, et al.

O R D E R

Ugur Ugur filed a petition for a writ of habeas corpus on March 30, 2026, contesting his

detention and requesting, inter alia, a bond hearing. Doc. no. 1. The court thereafter ordered the

respondents to show cause on or before April 6, 2026, as to why it should not issue an order

granting the petition to the extent of ordering them to afford the petitioner with a bond hearing

based on his apparent membership in the class certified in Guerrero Orellana v. Moniz, No. 25-

cv-12664-PBS, 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025), and/or his similarity to

the petitioner granted a bond hearing as required by the Due Process Clause of the Fifth

Amendment in Destino v. FCI Berlin, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec.

24, 2025). Doc. no. 2.

The respondents filed their response to the order to show cause on April 5, 2026, wherein

they maintain that Destino and Guerrero Orellana were wrongly decided, incorporate by

reference the legal arguments made on behalf of the respondents in certain prior cases, and object

to the court granting relief to the petitioner. Doc. no. 6. Nonetheless, they acknowledge that the

court would reach the same result in this case as it reached in Destino if it were to apply the same

reasoning as set forth in that case. The response asserts that the petitioner appears not to be a

member of the Guerrero Orellana class.

The respondents have failed to show cause why the court should not order them to afford a bond hearing before an immigration judge (IJ) at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that he is dangerous by clear and convincing evidence. See Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). Because the reasoning in Destino applies in this case, the petition is granted, in part. The respondents are ordered to provide the petitioner with a bond hearing before an IJ as soon as practicable at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that he is dangerous by clear and convincing evidence. If the respondents fail to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings. The petitioner's request that this court order his immediate release, doc. no. 1 at 15, is denied without prejudice, as the court finds that ordering a bond hearing before an IJ as soon as practicable is sufficient to protect the petitioner's due process rights at this stage. The respondents shall file a status report within seven days, on or before April 16, 2026.

SO ORDERED.

Samantha D. Elliott
United States District Judge

April 9, 2026

cc:     Counsel of record.

2